IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOHNNY GRIFFIN | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. _____ |
| | § | |
| FCA US LLC, AND | § | JURY TRIAL DEMANDED |
| ROBERT BOSCH LLC | § | |
| Defendants, | § | |

## PETITION FOR WRONGFUL DEATH AND SURVIVAL ACTION

The petition of JOHNNY GRIFFIN, INDIVIDUALLY AND REPRESENTATIVE OF THE ESTATE OF PATRICIA D. GRIFFIN, DECEASED, Petitioner herein complaining of FCA US LLC and ROBERT BOSCH LLC, Defendants herein and for cause of action would show as follows:

### 1.
### DEFENDANTS

1.1 Made Defendants herein are the following:

  A. FCA US, LLC (formerly known as Chrysler Group, LLC, and hereinafter sometimes referred to as "Chrysler") is a Delaware company authorized to do and doing business in and for the State of Tennessee, who may be served by and through its registered agent for service of process, CT Corporation System 300 Montvue Road Knoxville, TN 37919-5546 USA.

  B. ROBERT BOSCH LLC, a Delaware corporation (hereinafter sometimes referred to as "Bosch"), doing business in and for the State of Tennessee, whose

1

registered agent for service of process is Corporation Service Company 2908 Poston Ave Nashville, TN 37203-1312 USA.

1.2     Defendants herein are jointly and individually indebted unto Petitioner for such damages as are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

**2.**

**JURISDICTION AND VENUE**

2.1     This Court has diversity subject matter jurisdiction under 28 U.S.C. §1332, because Petitioner and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00. As alleged herein, Petitioner is a citizen of Pulaski, Tennessee and Defendants are citizens of the state of Delaware.

2.2     The injuries the Petitioner, Johnny Griffin, and the injuries sustained by that of the deceased, Patricia D. Griffin, occurred as a result of Defendants' researching, manufacturing, developing, distributing, marketing, and sale of the subject vehicle, its components, and because of the Defendants' continual failure to warn of the severe risks to operator or consumer, and the motoring public in general. Such damages substantially exceeds $75,000.00.

2.3     Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391 because the acts of the Defendants caused harm to Petitioner in Giles County of Tennessee.

# 3.
## PROCEDURAL CAPACITY

3.1    Petitioner, Johnny Griffin, is the surviving husband of Patricia D. Griffin, Deceased. At all relevant times to this lawsuit, Johnny Griffin was a U.S. citizen and resident of Pulaski, Giles County, Tennessee, and brings suit in his individual capacity and representative of the Estate of Patricia D. Griffin.

# 4.
## FACTS

4.1    The term "subject vehicle" refers to a 2015 Jeep Wrangler Sport bearing vehicle identification number 1C4AJWAG3FL672559.

4.2    The "subject vehicle" was designed, manufactured, and marketed by Chrysler.

4.3    On or about February 27, 2022, Patricia D. Griffin was operating the subject vehicle heading northbound on State Route 166 when the vehicle exited the roadway, striking a culvert and sending the vehicle airborne. While airborne, the subject vehicle struck a metal shed and fence row, coming to a final rest within the ditch and in the fence row facing north. During the subject incident, in which multiple collisions prior to vehicle coming to a final rest occurred, the occupant restraint system, including the air bag system and seatbelt system, failed in its intended purpose. Patricia D. Griffin incurred injuries, resulting in her death, from a failure in the seatbelt system to properly restrain her during the incident and the airbag system's failure to deploy, which allowed her to make violent contact with the steering column.

4.4    At the time of the accident, Patricia D. Griffin was properly seated and restrained by the occupant restraint system of the subject vehicle.

4.6     The subject vehicle was equipped with an occupant restraint system, and although designed to secure the driver or a passenger of a vehicle against harmful movement that may result during a collision or sudden stop, the occupant restraint system failed to work as it was designed to perform in this foreseeable crash.

4.7     The subject vehicle's occupant restraint system, including the seatbelt system and airbag system did not perform as it was designed or intended in this foreseeable crash.

4.8     The subject collision was a frontal collision for the Vehicle with a crash severity in the must fire range of the subject vehicle's frontal airbag system.

4.9     Despite the nature of the accident, the frontal damage to the vehicle that occurred, the airbags failed to deploy in the subject incident.

4.10    Prior to the subject incident, the subject vehicle had been maintenance on or about December 9, 2019, for the specific purpose of replacing a defective frontal airbag inflator (recall number V01).

4.11    Prior to the collision and despite the recall maintenance as described above, the subject vehicle had not been changed or altered and was in substantially the same condition at the time of the accident that it had been in when it left the control of Chrysler.

4.12    Prior to the collision, the subject vehicle contained a latent defect in the occupant restraint system, unknown to the purchaser Johnny Griffin or the deceased, Patricia D. Griffin, leading to the incident in question.

4.13 When sold, the subject vehicle contained defects that made the vehicle unfit for the ordinary use for which it was intended. These defects were known or should have been known by Bosch and Chrysler.

## 5.
## CAUSES OF ACTION AGAINST FCA US, LLC ("CHRYSLER")

### A. Design Defect

5.1 Defendant Chrysler designed, developed, manufactured, assembled, marketed and sold the 2015 Jeep Wrangler Sport vehicle, bearing VIN 1C4AJWAG3FL672559 (hereafter sometimes referred to as the "subject vehicle").

5.2 The subject vehicle was defective in design for its intended use and made the product unreasonably dangerous to the user, operator or consumer, and the motoring public in general.

5.3 Specifically:

(a) The subject vehicle's frontal airbag system was defectively designed because it failed to deploy during the foreseeable frontal impact event; and

(b) The subject vehicle's seatbelt system was defectively designed because it failed to restrain Patricia D. Griffin in a foreseeable frontal impact event.

(c) The software system and sensors used to activate the airbag system were defectively designed because they failed to recognize the impact and failed to deploy the system.

5.4 These defects existed at the time the vehicle left the control of defendant Chrysler.

5.5     At the time the defective vehicle left the control of defendant Chrysler, there existed safer alternative designs and components that were both economically feasible and technologically available.

5.6     The safer alternative designs and components would not decrease the utility of the vehicle in any significant regard that would warrant and cause its exclusion.

5.7     Defendant Chrysler failed to incorporate the economically feasible and technologically available safer alternative designs and components.

5.8     At the time of the subject crash in question, the subject vehicle was in substantially the same condition as it was when it was placed into the stream of commerce by defendant Chrysler.

5.9     The unreasonably dangerous design defects were a substantial cause of the injuries and damages sustained by plaintiffs.

5.10    Defendant Chrysler placed the subject vehicle on the market with knowledge that it would be used without inspection for defects and dangers.

5.11    Defendant Chrysler knew or should have known that the user, operator or consumer would not and could not properly inspect the vehicle for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capacities of such persons.

5.12    The subject vehicle was defective and unreasonably dangerous to the user, operator or consumer, and the motoring public in general, when sold and distributed by defendant Chrysler.

**B.     Defective Construction or Composition**

5.13    Defendant Chrysler designed, manufactured, and sold the vehicle in question.

5,14    The vehicle in question was defective in its construction and composition, which made the product unreasonably dangerous to the users. Specifically, the Supplemental Restraint

System (SRS), Advanced Front Airbags, the Supplemental Side Air Bag Inflatable Curtains (SABIC) and the side impact bags failed to deploy. The sensors and airbag module with its algorithm contained defects that directly led to the failure of the airbag systems to work in the vehicle. These defects existed at the time the vehicle left the manufacturer and left the hands of Defendant Chrysler.

5.15 At the time the defective product left control of Defendant Chrysler, the Supplemental Restraint System (SRS), Advanced Front Air and Knee Bolster Bags, the Supplemental Side Air Bag Inflatable Curtains (SABIC) and the side impact bags, along with the sensing devices and airbag module deviated in a material way from the manufacturer's specifications and/or performance standards for the product and/or from otherwise identical products manufactured by the same manufacturer.

5.16 At the time of the subject crash, the vehicle was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant Chrysler.

5.17 The unreasonably dangerous defect in construction or composition was a substantial cause of the injuries and damages sustained by the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin.

**C.    Breach of Express Warranties**

5.18 Defendant Chrysler sold the subject vehicle in a defective and unreasonably dangerous condition, which breached express warranties.

5.19 Defendant Chrysler breached its duty of reasonable care owed to the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin in one or more of the following ways:

    (a)    Failing to manufacture the subject vehicle to perform as safely as an ordinary consumer would expect under normal and ordinary use;

(b) Designing and manufacturing the subject vehicle with a defective occupant restraint system;

(c) Specifically, designing and manufacturing the subject vehicle with a defective frontal airbag system and defective seatbelt system;

(d) Failing to warn users of the subject vehicle of the defect in the occupant restraint system; and

(e) Specifically, failing to warn users of the subject vehicle of the defects in the frontal airbag system and seatbelt system;

5.20 This breach of express warranties was a substantial cause of the injuries and damages sustained by the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin.

**D.  Inadequate Warning**

5.21 Both prior and subsequent to the sale of the subject vehicle, defendant Chrysler designed, manufactured, distributed and sold the subject vehicle with inadequate warnings.

5.22 Specifically, the subject vehicle had absolutely no warnings on it concerning the defective occupant restraint system.

5.23 More specifically, the subject vehicle had absolutely no warning on it concerning the defective frontal airbag system or defective seatbelt system.

5.24 The defects in the warnings existed at the time the subject vehicle left the control of defendant Chrysler.

5.25 The likelihood and gravity of danger associated with the subject vehicle, and the feasibility of adding the proper warnings, far outweighed the ability of the user, operator or consumer, and the motoring public in general, to anticipate the risk.

8

5.26    The inadequate warnings were a substantial cause of the injuries and damages sustained by the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin.

5.27    The injuries and damages sustained by the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin because of the defective and unreasonably dangerous nature of the subject vehicle arose from the reasonably anticipated use and/or a reasonably anticipated alteration or modification of the subject vehicle.

### E.    Additional Negligence of Design Manufacture and Failure to Warn

5.28    Defendant Chrysler failed to use ordinary care in the design, development, manufacture, marketing, assembly and sale of the subject vehicle.

5.29    Specifically, the subject vehicle was designed, developed, manufactured, assembled and sold with a defective occupant restraint system.

5.30    More specifically, the subject vehicle was designed, developed, manufactured, assembled and sold with a defective frontal airbag system and defective seatbelt system.

5.31    Defendant Chrysler knew or should have known that the subject vehicle's occupant restraint system would not protect the occupants in a foreseeable frontal impact event.

5.32    Defendant Chrysler knew or should have known that the subject vehicle's frontal airbag system and seatbelt system, specifically, would not protect the occupants in a foreseeable frontal impact event.

5.33    Defendant Chrysler failed to issue any warnings to plaintiffs, or to the public in general.

5.34    Plaintiffs set forth the following claims of negligence and/or legal fault against defendant Chrysler, in the following particulars, but not exclusively limited thereto:

(a) Designing, developing, manufacturing, marketing, assembling and selling a motor vehicle with known design flaws;

(b) Opting to re-use the defective designs year after year instead of protecting the safety of the user, operator or consumer of the subject vehicle, and the motoring public in general;

(c) Choosing not to fully and accurately disclose the design defect of the occupant restraint system to the user, operator or consumer of the subject vehicle, and to the motoring public in general;

(d) Choosing not to fully and accurately disclose the design defects of the frontal airbag system and seatbelt system, specifically, to the user, operator or consumer of the subject vehicle, and to the motor public in general;

(e) Failing to warn the user, operator or consumer of the subject vehicle, and the motoring public in general, of the dangers and risks associated with operating the subject vehicle with the defective occupant restraint system;

(f) Failing to warn the user, operator or consumer of the subject vehicle, and the motoring public in general, of the dangers and risks associated with operating the subject vehicle with the defective frontal airbag system and defective seatbelt system, specifically;

(g) Failing to provide a safe vehicle to the user, operator or consumer, and to the motoring public in general;

(h) Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits.

### E. Misrepresentations

5.35 Defendant Chrysler is guilty of misrepresentation by advertising, labels and otherwise made to the user, operator or consumer, and to the motoring public in general.

5.36 Defendant Chrysler is guilty of misrepresentations of material fact concerning the safety of its vehicles in general and of the 2015 Jeep Wrangler Sport vehicle in particular.

5.37 Such misrepresentations were justifiably relied upon.

## 6. CAUSES OF ACTION AGAINST ROBERT BOSCH LLC

### A. Design Defect

6.1 Defendant Bosch designed, manufactured, and sold the airbag module control unit contained in the 2015 Jeep Wrangler Sport vehicle along with the computer language algorithms that are used to interpret accident sequences and decide to fire the airbags in the vehicle. This module and language along with the sensors and other equipment designed, manufactured and sold by Defendant Bosch were defective and did not work as they were intended to deploy the airbags in this crash.

6.2 This module and language along with the sensors and other equipment designed, manufactured and sold by Defendant Bosch for the subject vehicle's occupant restraint system were defective in design for its use and made the product and the vehicle unreasonably dangerous to the users. These defects existed at the time the airbag module control unit left the manufacturer and left the hands of Defendant Bosch.

6.3 At the time the defective product left the control of Defendant Bosch, there existed a safer, alternative design that was both economically and technologically feasible. The safer, alternative design would not decrease the utility of the product in any significant regard that would warrant and cause its exclusion.

6.4     At the time of the crash in question, the airbag module control unit was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant Bosch.

6.5     The unreasonably dangerous design defect was a substantial cause of the injuries and damages sustained by the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin.

**B.     Defective Construction or Composition**

6.6     Defendant Bosch designed, manufactured, and sold the airbag module control unit and algorithms along with the sensors and other equipment designed, manufactured and sold by defendant Bosch for the vehicles occupant restraint system.

6.7     The vehicle in question was defective in its construction and composition, which made the product unreasonably dangerous to the users. Specifically, the airbag module control unit, algorithms along with the sensors and other equipment designed, manufactured and sold by Defendant Bosch for the vehicle's occupant restraint system deviated in a material way from the manufacturer's specifications or performance standards for the product, or from otherwise identical products manufactured by Defendant Bosch. Additionally, these defects existed at the time the airbag module control unit left the manufacturer and left the hands of Defendant Bosch.

6.8     At the time of the crash in question, the airbag module control unit was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant Bosch.

6.9     The unreasonably dangerous defect in construction or composition of the airbag module control unit was a substantial cause of the injuries and damages sustained by the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin.

### C. Breach of Express Warranties

6.10  Defendant Bosch designed manufactured and sold the airbag module control unit and its algorithms along with the sensors and other equipment for the vehicles occupant restraint system in question in a defective and unreasonably dangerous condition, which breached express warranties.

6.11  This breach of express warranties was a substantial cause of the injuries and damages sustained by the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin.

### D. Inadequate Warning

6.12  Both prior and subsequent to the sale of the airbag module control unit, Defendant Bosch designed, manufactured, distributed, and sold the designed manufactured and sold the airbag module control unit and its algorithms along with the sensors and other equipment for the vehicles occupant restraint system with inadequate warnings.

6.13  The defect in the warning existed at the time the airbag module control unit left the control of Defendant Bosch.

6.14  The likelihood and gravity of danger associated with the product, and the feasibility of adding the proper warning, far outweighed the ability of the user to anticipate the risk. Additionally, Defendant Bosch had a continuing duty to warn of the defective nature of its product after the product left its control.

6.15  The inadequate warnings caused the collision in question and the injuries and damages sustained by the deceased, Patricia D. Griffin, and Petitioner Johnny Griffin.

6.16  The damages sustained because of the defective and unreasonable dangerous nature of the product arose from the reasonably anticipated use and/or a reasonably anticipated alteration or modification of the product.

13

Case 1:23-cv-00004    Document 1    Filed 01/18/23    Page 13 of 17 PageID #: 13

6.17　Further, and in the alternative that Defendant Bosch is not found to be a manufacturer/seller, Petitioner sets forth the following claims of negligence and/or legal fault of Defendant Bosch, in the following particulars but not exclusively limited thereto:

6.18　Designing, manufacturing and selling the airbag module control unit for the 2015 Jeep Wrangler Sport vehicle with a known design flaw;

6.19　Choosing not to voluntarily recall the airbag module control unit along with the sensors and other equipment for the vehicle's occupant restraint system;

6.20　Opting to re-use the defective design year after year instead of protecting the safety of the motoring public;

6.21　Choosing not to fully and accurately disclose design defects of the airbag module control unit and its algorithms along with the sensors and other equipment for the vehicles' occupant restraint system to buyers of the Jeep vehicle;

6.22　Failing to warn the motoring public of the dangers and risks associated with operating the Jeep vehicles with the Bosch airbag module control unit and its algorithms along with the sensors and other equipment for the vehicles' occupant restraint system;

6.23　Failing to provide a safe product to consumers; and

6.24　Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits.

### 7.
### DAMAGES

7.1　As a proximate result of the fault of the defendants and their acts and omissions as alleged above, and because of the harm and injury to the decedent Patricia D. Griffin, Petitioner prays for recovery and reimbursement for the following items of damage suffered by Patricia D. Griffin prior to her death:

(a) Physical pain, suffering and distress;

(b) Mental pain, suffering and distress;

(c) Judicial interest from the date of demand;

(d) All other items of damages that may be recoverable.

7.2     As a proximate result of the fault of the defendants and their acts and omissions as alleged above, Petitioner brings this wrongful death action for the damages which he has suffered and continues to suffer as a result of the death of Patricia D. Griffin at the hands of the defendants, including by not limited to the following:

(a) Loss of love and affection, past and future;

(b) Loss of society, past and future;

(c) Loss of services and support, past and future;

(d) Loss of benefits, including lost wages, past and future;

(e) Mental pain, suffering and distress, past and future;

(f) Funeral and burial expenses;

(g) Medical expenses;

(h) Property damages, loss of use and diminished value;

(i) Judicial interest from the date of demand;

(j) All other items of damages that may be recoverable;

7.3     Damages exceed seventy-five thousand dollars ($75,000.00).

7.4     Damages exceed the threshold requirement for a trial by jury; accordingly, petitioner hereby prays for a trial by jury.

## PRAYER

WHEREFORE, petitioner JOHNNY GRIFFIN, INDIVIDUALLY AND AS SURVIVING BENEFICIARY AND REPRESENTATIVE OF THE ESTATE OF PATRICIA D. GRIFFIN, DECEASED, prays as follows:

(a)     That defendants FCA US LLC and ROBERT BOSCH LLC be served with a copy of this petition, and cited to appear and answer;

(b)     That, after the lapse of all legal delays and due proceedings are had, that there be a judgment rendered in favor of petitioner and against defendants jointly, severally and *in solido*;

(c)     That petitioner be awarded all damages as described above, with legal interest from the date of judicial demand until paid, court costs, and all other just and equitable relief as the nature and equity of the case may permit or require.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues addressed in the complaint.

Respectfully submitted,


Henry S. Queener (Bar Roll #021249)
QUEENER LAW
215 Rep. John Lewis Way North
Suite 200
Nashville, TN 37219
Telephone: (615) 933-9000
Facsimile: (615) 732-1531
Email: hqueener@queenerlaw.com


By: _____
Henry S. Queener

ATTORNEY FOR PLAINTIFFS